IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES E. VALLEY,

          Plaintiff,                       No. CIV S-05-0310 MCE KJM P

          vs.

DIRECTOR OF CORRECTIONS, et al.,     ORDER AND ORDER DIRECTING SERVICE

          Defendants.               BY THE UNITED STATES MARSHAL

_____/  WITHOUT PREPAYMENT OF COSTS

          Plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915. On January 23, 2006, plaintiff filed a request to amend his complaint. He asks the court to refer to other filings to make the complaint whole and seeks to retain those portions of his February 16, 2005 complaint which the court found appropriate for service.

          The court does not find plaintiff's amended complaint to be appropriate for service. An amended complaint supersedes the original document; once this court accepts plaintiff's amended complaint, it must consider the original complaint to be non-existent. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Accordingly, because plaintiff relies on what will become a non-existent document to make his amended complaint complete, this court cannot find service of the amended complaint appropriate.

/////

1

1          The court previously ordered plaintiff to provide information for service of

2 process on form USM-285, sufficient copies of the complaint for service, and a notice of

3 compliance. Plaintiff has filed the required papers. Accordingly, IT IS HEREBY ORDERED

4 that:

5          1. The Clerk of the Court is directed to forward the instructions for service of

6 process, copies of the complaint, and copies of this order to the United States Marshal.

7          2. Within ten days from the date of this order, the United States Marshal is

8 directed to notify defendant Renee Kanan of the commencement of this action and to request a

9 waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28

10 U.S.C. § 566(c).

11          3. The United States Marshal is directed to retain the sealed summons and a copy

12 of the complaint in their file for future use.

13          4. The United States Marshal shall file returned waivers of service of summons as

14 well as any requests for waivers that are returned as undelivered as soon as they are received.

15          5. If a waiver of service of summons is not returned by a defendant within sixty

16 days from the date of mailing the request for waiver, the United States Marshal shall:

17          a. Personally serve process and a copy of this order upon the defendant

18          pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C.

19          § 566(c) and shall command all necessary assistance from the California

20          Department of Corrections (CDC) to execute this order. The United States

21          Marshal shall maintain the confidentiality of all information provided by

22          the CDC pursuant to this order.

23          b. Within ten days after personal service is effected, the United States

24          Marshal shall file the return of service for the defendant, along with

25          evidence of any attempts to secure a waiver of service of summons and of

26          the costs subsequently incurred in effecting service on said defendant.

1              Said costs shall be enumerated on the USM-285 form and shall include the

2              costs incurred by the Marshal's office for photocopying additional copies

3              of the summons and complaint and for preparing new USM-285 forms, if

4              required. Costs of service will be taxed against the personally served

5              defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

6         6. Defendants shall reply to the complaint within the time provided by the

7    applicable provisions of Fed. R. Civ. P. 12(a).

8         7. Discovery shall not proceed until the court issues a discovery order. Generally,

9    a discovery order will issue after defendants file their answer.

10         8. Unless otherwise ordered, all motions to dismiss, motions for summary

11    judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59

12    and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall

13    be briefed pursuant to Local Rule 78-230(m). Failure to oppose such a motion timely may be

14    deemed a waiver of opposition to the motion. Opposition to all other motions need be filed only

15    as directed by the court.

16         9. If plaintiff is released from prison at any time during the pendency of this case,

17    any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule

18    78-230(m). In the absence of a court order granting such a request, the provisions of Local Rule

19    78-230(m) will govern all motions described in #7 above regardless of plaintiff's custodial status.

20    See Local Rule 1-102(d).

21         10. As provided by Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003),

22    cert. denied sub nom. Alameda v. Wyatt, 124 S. Ct. 50, __ U.S. __ (2003), plaintiff is advised of

23    the following requirements for opposing a motion to dismiss for failure to exhaust administrative

24    remedies made by defendant pursuant to non-enumerated Rule 12(b) of the Federal Rules of

25    Civil Procedure. Such a motion is a request for dismissal of unexhausted claims without

26    prejudice. The defendant may submit affidavits or declarations under penalty of perjury and

3

1   admissible documentation to support the motion to dismiss. To oppose the motion, plaintiff may
2   likewise file declarations under penalty of perjury and admissible documentation. Plaintiff may
3   rely upon statements made under the penalty of perjury in the complaint if the complaint shows
4   that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's
5   attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one
6   or more affidavits or declarations by other persons who have personal knowledge of relevant
7   matters. Plaintiff may also rely upon written records, but plaintiff must prove that the records are
8   what plaintiff claims they are. If plaintiff fails to contradict defendant's evidence with
9   admissible evidence, the court may rely on the defendant's evidence. In the event both sides
10  submit matters outside the pleadings, the court may look beyond the pleadings and decide
11  disputed issues of fact. If plaintiff does not serve and file a written opposition to the motion, the
12  court may consider the failure to act as a waiver of opposition to the defendant's motion. If the
13  defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's
14  unexhausted claims will be dismissed without prejudice.

15              11. As provided by Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en
16  banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir.
17  1988), plaintiff is advised of the following requirements for opposing a motion for summary
18  judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such
19  a motion is a request for an order for judgment in favor of defendants without trial. A
20  defendant's motion for summary judgment will set forth the facts that the defendants contend are
21  not reasonably subject to dispute and that entitle the defendants to judgment. To oppose a
22  motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do
23  this in one or more of the following ways. Plaintiff may rely upon statements made under the
24  penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge
25  of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon
26  which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting

4

forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

12. A motion or opposition supported by unsigned affidavits or declarations will be stricken.

13. Each party shall keep the court informed of a current address at all times while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." A notice of change of address must be properly served on other parties. Pursuant to Local Rule 83-182(f), service of documents at the record address of a party is fully effective. Failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

14. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. Fed. R. Civ. P. 11; Local Rule 11-110.

5

1           15. Plaintiff's January 23, 2006 motion to amend his complaint is denied without

2    prejudice.

3    DATED: 1/27/06

4

5                            UNITED STATES MAGISTRATE JUDGE

6

7

8
   2/mp
9    vall0310.8

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                        6