IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES E. VALLEY,

      Plaintiff,                               No. CIV S-05-0310 MCE KJM P

    vs.

DIRECTOR OF PRISONS, et al.,

      Defendants.                     <u>ORDER</u>

_____/

        Petitioner is a state prison inmate proceeding pro se with a civil rights action, alleging an Eighth Amendment violation stemming from the medical care provided for his broken hand. He has filed three motions to compel discovery, a motion for further time to conduct discovery, and a motion under Local Rule 40-280. Defendants have opposed the motion for further time and the motion to compel filed January 22, 2007. In addition to opposing the specific requests, they argue generally that the motion should be denied because plaintiff has failed to meet and confer with counsel as required by Fed. R. Civ. P. 37(a)(2)(A). However, in the discovery order filed October 11, 2006, the court noted that the meet and confer provisions are not applicable in this pro se inmate case.

/////

/////

I. <u>Motion To Compel Discovery Filed December 18, 2006</u>

Plaintiff filed his motion to compel answers to all of his discovery requests which, he contended, had been mailed in October but had not yet been returned. It appears, however, that responses have now been provided; indeed, in the two additional motions to compel, plaintiff takes issue with certain responses. Accordingly, this motion is moot.

II. <u>Motion To Compel Discovery Filed January 22, 2007</u>

   A. <u>Defendant Woodford</u>

Plaintiff seeks full answers to interrogatories seven, eight and nine. Interrogatory seven asks, "Are you familiar with why (this) year the Federal Courts took control of the Department of Corrections Medical system (and) appointed and [sic] outside person to correct it?" Opposition To Motion To Compel (Opp'n), Ex. A[1]; 12/18/06 Motion To Compel at 14.[2] Defendant objected on the grounds that the question is "vague and ambiguous," "argumentative, vexing and harassing," and "seeks irrelevant personal or lay opinions not likely to lead to the discovery of admissible evidence." Opp'n, Ex. A. In the points and authorities supporting the opposition to the motion to compel, defendant argues only that the question is vague, and is not relevant nor would it lead to admissible information. Opp'n at 4.

The relevance standard of Federal Rule of Civil Procedure 26(b)(1) "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case," <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978). At this stage in the litigation, the court cannot say it would be impossible for plaintiff to show deliberate indifference through a pattern of substandard

/////

---

[1] In the Points and Authorities supporting the opposition, counsel has quoted a different question as interrogatory seven.

[2] Plaintiff attached copies of his discovery requests to the initial motion, but did not identify each request by a separate exhibit designation. The court uses the page number assigned to the document by the court's CM/ECF system.

medical care. Defendant's awareness of the reason the receiver was appointed might "bear[] on . . . any issue that is or may be in the case."

Defendant's response to question eight, concerning defendant's duty to oversee the orderly running of the prisons, was to refer plaintiff to Penal Code section 5054 "and other relevant statutory provisions generally defining the responsibilities of the Director of the CDCR." Opp'n, Ex. A. Her response to question nine, about her sending "memorandum orders" to the prisons, was that "memoranda from the Director's office are periodically sent to the prisons." Opp'n, Ex. A. Although these may not be the answers plaintiff expected or sought, defendant answered the questions. Plaintiff's dissatisfaction with the answers is not a reason to compel further discovery. Usery v. Brandel, 87 F.R.D. 670, 685 (W.D. Mich. 1980).

  B.  Defendant Scott Kernan

    1. Request For Production And Admission

Plaintiff seeks to compel defendant Kernan to produce documents in response to several of his requests.

In the first, he asks defendant to "produce the full names of all prison medical staff who had contact with plaintiff during the month and years April 2004 thru March 2005." In the second he asks defendant Kernan to produce the CDC numbers of plaintiff's cell-mates ("cellies") Gerald Gardner and Gerald Payne. Opp'n, Ex. C.

Rule 34(a) of the Federal Rules of Civil Procedure requires a party to produce those documents in his or her "possession, custody or control;" there is no requirement that the party create a document containing the information included in the request. These two requests do not appear aimed at securing specific documents as opposed to specific information.

In request six, plaintiff asks for "logs, list or other documentation reflecting grievances filed by inmates at CSP-Sacramento from Jan 2004/Jan 2006 for failure to get medical help for small bone breaks." Opp'n, Ex. C. Defendant Kernan objected on the ground that the request seeks confidential medical information pertaining to other inmates, which is

3

protected by 15 Cal. Code Regs. § 3370, but also said that "data on inmate grievances' [sic] are not maintained as to the specific nature of the claim such as broken bones." Id. He repeats this point in his points and authorities. Opp'n at 8.

Even though there may not be a "log or list" of grievances by subject, there are the actual grievances themselves. Plaintiff's request for "documentation reflecting grievances filed . . . for failure to get help for small bone breaks" puts defendant on "reasonable notice of what is called for. . . ." St. Paul Reinsurance Company, Ltd. v. Commercial Financial Corp., 198 F.R.D. 508, 514 (N.D. Iowa 2000); Fed. R. Civ. P. 34(b) (request for production shall describe the item or categories sought "with reasonable particularity").

Title 15 of California Code of Regulations § 3370 provides that "all records of care and treatment rendered to an inmate-patient" shall not "be released to any agency or person outside the department," with some exceptions. In addition "no inmate shall have access to another's case records file, unit health records, or component thereof" without "a valid subpoena or court order." It is not clear to the court whether a grievance about medical care falls within these definitions and defendant has not addressed the question.

Assuming, however, that the grievances fall within these provisions, it is clear that the section does not establish an evidentiary privilege that would control resolution of this matter. Although a federal court must consider privacy concerns, the other inmates' right of privacy is not an absolute bar to the release of the material. Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992); Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 604 (C.D. Cal. 1995). Grievances about medical care will disclose health-related information, but not necessarily sensitive material about illness, addiction or treatment. Moreover, the records may suggest that the number of grievances should have alerted prison officials to problems with medical care. After balancing these concerns, the court finds that disclosure is appropriate. However, because there are privacy concerns, the court will direct that defendant redact the names and CDC numbers before releasing the grievances to plaintiff. Fed. R. Civ. P. 26(c).

### 2. First Set Of Interrogatories

In question eight of the first set of interrogatories to defendant Kernan, plaintiff again asked for the full names of a list of staff people who had dealings with plaintiff. Defendant provided a partial response including the first initials and last names of certain staff. Defendant raises confidentiality concerns, arguing that full names of staff people are not released to inmates because the "information may be parlayed for potentially illicit purposes and criminal activities that may pose a threat to the staff's safety." Opp'n at 6 & Ex. C. In this instance, the balance of the competing interests favors non-disclosure of the names of those staff members whose current assignment has been provided. However, defendant has not identified the other potential witnesses plaintiff has identified nor even suggested that he has been unable to do so from the information plaintiff has provided. Defendant has a duty to respond to interrogatories with all information in his control. Fresenius Medical Care Holding Inc. v. Baxter Intern., Inc., 224 F.R.D. 644, 651 (N.D. Cal. 2004). He will be directed to provide further identifying information, short of complete names, for the other potential witnesses plaintiff has listed.

### C. Defendant Kanan

#### 1. First Set Of Interrogatories

Plaintiff seeks to compel defendant Kanan's "yes or no" answer to interrogatory three, which asked if Kanan is responsible for overseeing the Health Care Review Committee; Kanan answered by citing to the provisions of the California Medical Code outlining the duties of the chairperson and describing the process for approving medical treatment requests. Opp'n, Ex. D. In interrogatory four, plaintiff asked, in essence, whether the authority to oversee the committee includes the duty to ensure that the committee follows various standards for inmate care; Kanan refers plaintiff to the answer to interrogatory three, which includes the reference to the appropriate regulations. Id. These are sufficient answers to these requests.

In interrogatory eight, plaintiff asked if defendant was familiar with the requirements of the settlement in Plata v. Davis, Civ. No. C-01-1351 (N.D. Cal.); defendant

5

answered that she has a "general understanding" of the lawsuit. Opp'n, Ex. D. This also is sufficient.

In interrogatory nine, plaintiff asked whether Kanan knew why a receiver was appointed to manage prison health care; defendant interposed a series of objections. As noted above, however, this court cannot say that an answer to this question is inappropriate under the broad standard of relevance. Therefore a response will be compelled.

2. Request For Production And For Admission

Defendant seeks to compel defendant Kanan to respond to several of his requests for the production of documents, which were often joined to requests for admissions. Requests one through four do not seek a particular document or category of documents, but rather seek information more appropriately sought through interrogatories. For example, the first request asks "how many injuries involving broken bones" occurred in California State Prison-Sacramento (CSP-Sac) during the specified time period. In response to each of these similar requests, defendant Kanan declined to examine a variety of records and produce documents responsive to the request.

As noted above, Rule 34(a) of the Federal Rules of Civil Procedure requires a party to produce those documents in his or her "possession, custody or control;" there is no requirement that the party create a document containing the information contained in the request.

Moreover, attached to each of these requests was a question that plaintiff characterizes as a request for admission; for example, following the first request for documents, plaintiff asks "would you produce document proff? Yes- No (send) ___." Requests for admission under Federal Rule of Civil Procedure 36 are not discovery devices in a pure sense, but rather are designed to limit the factual issues in a case. Misco, Inc. v. United States Steel Corporation, 784 F.2d 198, 205 (6th Cir. 1986) (not a discovery device); Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003) (designed to limit factual issues and so

must be stated clearly). Plaintiff's tagged-on requests are not covered by Rule 36. Accordingly, the motion to compel responses to plaintiff's requests one through four is denied.

III. Motion To Compel Discovery Filed February 2, 2007

Plaintiff's third motion seeks an order directing defendant Kernan to respond to his second set of interrogatories, which he contends were mailed on December 14, 2006. Defendant has not opposed the motion. Accordingly, it will be granted.

IV. Motion To Continue Discovery, Filed February 5, 2007

Plaintiff seeks an extension of the discovery cut-off date, apparently because of his concern that the motions to compel will somehow be rendered moot if the rulings are issued after the close of discovery. This is not the case. The rulings on the motions to compel will include dates for compliance.

V. Motion Under Rule 40-280, Filed April 2, 2007

Although the purpose of this motion is not entirely clear, it appears to be a further discussion of plaintiff's pending motions to compel, because he notes he will be ready for trial once he receives the additional discovery sought in the motions. It will be denied.

VI. Letter Of February 12, 2007

Plaintiff asks whether witness fees may be waived because he is proceeding in forma pauperis. Although a party proceeding in forma pauperis need not pay service fees, he must tender witness fees and mileage for proper service of any subpoena. Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989); 28 U.S.C. § 1915(d); Fed. R. Civ. P. 45(c).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 18, 2006 motion to compel discovery is denied.

2. Plaintiff's January 22, 2007 motion to compel discovery is granted in part as set out below but denied in all other respects:

    a. Defendant Woodford is directed to respond to interrogatory seven;

/////

7

    b.  Defendant Kernan is directed to produce grievances filed by inmates at CSP-Sacramento from January 2004 through January 2006 regarding failure to receive medical care for small bone breaks; the names and CDC numbers of the inmates who submitted the grievances shall be blacked out;

    c.  Defendant Kernan is directed to respond to interrogatory eight with information as to the current job locations of the staff members plaintiff has listed or otherwise respond that he is unable to identify them from the information plaintiff has given; and

    d.  Defendant Kanan is directed to answer interrogatory nine.

3. Plaintiff's February 2, 2007 motion to compel is granted.

4. Plaintiff's February 5, 2007 motion to continue the discovery cut-off is denied.

5. Plaintiff's April 2, 2007 motion under Rule 40-280 is denied.

6. Discovery responses consonant with this order shall be provided within thirty days of the date of this order.

DATED:  May 23, 2007.

_____
U.S. MAGISTRATE JUDGE

2

vall0310.dsc