IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES EDWARD VALLEY,

    Plaintiff,                    No. CIV S-05-310 MCE KJM P

    vs.

JEANNE WOODFORD, et al.,

    Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Plaintiff has sued for violations of the Eighth Amendment, alleging that defendants were deliberately indifferent to serious medical needs that arose when he broke a bone in his hand. Before the court is plaintiff's motion to compel the names, inmate numbers and addresses of non-party prisoners whom plaintiff would seek to subpoena for trial. Defendants have not responded to the motion.

        Plaintiff's motion to compel seeks information immaterial to his case. Specifically, plaintiff wants defendants to produce the personal information of other inmates whose names, inmate numbers and addresses were redacted from grievance forms that defendants properly produced in the course of discovery. In each of those grievance forms, the complaining prisoner alleged delayed treatment of injuries similar to plaintiff's broken hand.

1

Plaintiff relied on those complaints as evidence that a policy of indifference toward such injuries existed at the time he needed orthopedic surgery. Indeed the court referred extensively to that record of evidence in denying defendants Woodford and Kanan's motion for summary judgment. See Findings and Recommendations at 7-8, 10 (Docket No. 82). However, the identity of other prisoners who complained of indifferent medical treatment is not material to plaintiff's claims. Plaintiff does not allege that those other inmates have any personal knowledge about his medical condition or the treatment he received. Plaintiff already has the material part of each grievance – i.e., the substance of the prisoner's complaint. Defendants rightly redacted the prisoners' names and other identifying information during discovery, and there is nothing to show that live testimony by those prisoners would add anything to the substance of their complaints or would be relevant to plaintiff's own case at trial.

Plaintiff's motion is also untimely. The discovery deadline in this case was February 9, 2007. See Docket No. 47. Plaintiff sought to continue the discovery deadline, but that request was denied on May 24, 2007. See Docket No. 68. On March 17, 2008, the district judge assigned to this case adopted the magistrate judge's findings and recommendations in full and denied the parties' competing motions for summary judgment. See Docket No. 84. After twice vacating trial dates, this case was set for trial on October 19, 2009. However, that trial date was subsequently vacated and no new date has been set. Only after the district court vacated the trial date for a third time did plaintiff move for the production of the personal information of the other inmates. The grievances were produced over two years before the instant motion was filed, and plaintiff makes no showing why such a lengthy period of time passed before he filed his motion to compel.[1]

///

---

[1] The court notes that plaintiff first sought the other prisoners' information in an informal request in September 2008. See Docket No. 94. However, that request came more than two months after the court's deadline to file motions to obtain the presence of incarcerated witnesses. See Docket No. 85.

1            For all the foregoing reasons, then, the motion to compel will be denied.

2            Accordingly, IT IS HEREBY ORDERED that the motion to compel (Docket No.

3 102) is denied.

4 DATED: January 15, 2010.

                                                   U.S. MAGISTRATE JUDGE

4
vall0310.compel.ord